IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**

      **Plaintiff/Respondent**                Case No. 03-20108 JWL
                                                                     06-3078-JWL

v.

**MARK E. CROUCH,**

      **Defendant/Movant.**

## MEMORANDUM AND ORDER

After being indicted on August 20, 2003, Mr. Crouch pled guilty on October 20, 2003, to one count of unlawful acquisition of a firearm by providing false information and three counts of being a felon in a possession of a firearm. After an extensive sentencing hearing with full participation by counsel for both the government and Mr. Crouch, the court sentenced Mr. Crouch to a prison term of 57 months on February 17, 2004.

This matter comes before the court on Mr. Crouch's petition to vacate or modify his sentence through habeas review under 28 U.S.C. § 2255 on two grounds. First, he alleges that the government breached the terms of the plea agreement by using criminal behavior known to it prior to execution of the plea agreement, and that the government's introduction of this information at sentencing precluded Mr. Crouch from receiving a three point reduction for acceptance of responsibility. Second, he alleges that with the court's new-found discretion under *United States v. Booker*, 543 U.S. 220 (2005), the court should release him from

1

custody so that he can obtain treatment for various medical ailments. For the reasons explained below, the court will deny both of Mr. Crouch's requests for habeas relief.

## LEGAL STANDARD FOR A § 2255 MOTION

Title 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id*. A § 2255 motion is not a substitute for appeal and therefore relief is not available merely because of error that may have justified reversal on direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Addonizio*, 442 U.S. 178, 184 (1979).

Rather, relief under § 2255 is warranted only for jurisdictional or constitutional claims or errors that reveal "a fundamental defect which inherently results in a complete miscarriage of justice." *Addonizio*, 442 U.S. at 185 (internal quotation omitted); *accord Davis v. United States*, 417 U.S. 333, 346 (1974) (same). "The standard of review of Section 2255 petitions is quite stringent," and "[t]he court presumes that the proceedings . . . were correct." *United States v. Nelson*, 177 F. Supp. 2d 1181, 1187 (D. Kan. 2001)(citing *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989)). "To prevail, [the] defendant must show a defect in the proceedings which resulted in a 'complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). The court must hold an evidentiary hearing on a § 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1

2

(10th Cir. 1995) (quoting § 2255).

## Discussion

**1.    Both Claims are Time-Barred**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitation period for filing petitions for habeas corpus relief.  *See* 28 U.S.C. § 2244(d)(1).  "That period runs from the latest of several dates, including 'the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review.'"  *Brown v. Roberts*, 2006 WL 936629, *2 (10th Cir. 2006) (quoting § 2244(d)(1)(A)).

In this case, the court entered judgment on February 18, 2004.  "Because [Mr. Crouch] did not appeal his sentence, his judgment of conviction became final ten days later, when his claim could no longer be subject to appellate review." *United States v. Michel-Galaviz*, 2006 WL 137425, *1 (10th Cir. 2006) (citing Fed. R.App. P. 4(b)(1)(A)).  In addition, Mr. Crouch did not file his habeas petition until over two years later, in March 2006, which is "well after the one-year limitation period under subsection (1) had expired." *Id.*  Thus, the entirety of Mr. Crouch's § 2255 petition is time-barred.

Acknowledging this deficiency, Mr. Crouch contends that a clear error of law makes the procedural bar inapplicable to his petition.  It is true that the Tenth Circuit has "held that the one-year limitations period 'may be subject to equitable tolling.'  But it is well established that equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available 'only in rare and exceptional circumstances.'"  *Washington v. Ward*,  2006 WL 1082819, *1 (10th Cir.

3

2006) (internal citations omitted). Equitable tolling might be appropriate, for instance, "'when a prisoner is actually innocent' or 'when an adversary's conduct–or other uncontrollable circumstances–prevents a prisoner from timely filing.'" *Id*. (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).

Because, as explained below, the court finds that the government did not breach the plea agreement, the court also rejects Mr. Crouch's assertion that a clear error of law excuses the untimeliness of his filing. Under the most liberal construction of his pleadings, the only other possible basis that Mr. Crouch could assert to justify equitable tolling is that his attorney told him that he did not have the right to any type of appeal.[1] A defendant's reliance on attorney error in choosing not to file an appeal, however, is not a sufficient basis for this court to toll the one-year deadline. *See Gunderson v. Abbott*, 2006 WL 752038, *3-4 (10th Cir. 2006) (observing that "attorney error is generally not a basis for equitable tolling of the federal habeas deadline."); *United States v. Tafoya*, 2006 WL 148278, *1 (10th Cir. 2006) (same).

In the end, both of Mr. Crouch's § 2255 claims are barred under the one-year statute of limitation. For the sake of argument, the court nevertheless will address each of his claims.

**2.    First Claim: Breach of the Plea Agreement**

Mr. Crouch first alleges that the government breached the plea agreement, which

---

[1] The court agrees with the government that Mr. Crouch's failure to file a direct appeal constitutes an independent reason to deny his petition. *See United States v. Allen*, 16 F.3d 377, 378-79 (10th Cir. 2004) (urging that this court is bound to enforce the procedural bar asserted by the United States that precludes a defendant from raising a challenge on a habeas petition that the defendant did not make by direct appeal).

4

entitles him to be resentenced by the court with the proper credit for acceptance of responsibility. Specifically, he states that the United States breached the plea agreement by using "criminality of which they were cognizant prior to execution of the plea agreement, which had in fact, been provided to them by the defendant through the ATF agent who accompanied Mr. Stone, a detective with the Atchison police department." He further contends, "It becomes clear that if the Court had been aware that the state case against the defendant had been known, in detail, prior to the execution of the plea agreement. [sic] Defendant's three point reduction for acceptance of responsibility would never have been in doubt."

### A.     Waiver by the Terms of the Plea Agreement

The government argues that Mr. Crouch's waived his right to raise a § 2255 motion by the explicit terms of the plea agreement. The court fully agrees with the government's interpretation that the plea agreement waives any right to a collateral attack, but Mr. Crouch has alleged that the government breached the plea agreement.[2] As a result, the waiver provision is inapplicable based on the Tenth Circuit's guidance that "an appeal alleging breach of an agreement likely does not fall within the scope of the agreement's waiver provision." *United States v. Navarro*, 2004 WL 848612, *3 (10th Cir. 2004) (internal citation omitted). *See also United States v. Tidwell*, 2005 WL 3845348, *3 (D. Kan. 2005) ("Defendant's waiver of the right to appeal or collaterally attack his sentence does not preclude his argument that

---

[2] The court acknowledges that Mr. Crouch's second claim relating to his release to seek medical care is probably subject to the waiver in his plea agreement.

the government breached the plea agreement by not requesting an additional one level decrease for acceptance of responsibility."). Thus, the court will proceed to the merits of the allegation that the government breached the plea agreement.

**B.    The Merits**

Mr. Crouch states that his "first argument is a clear one; the government had no right to use conduct of which they were already aware and conduct the defendant had brought to the government's attention. The only reason that this was done was in order to artificially enhance his sentence by denying him his three point reduction of acceptance of responsibility. The plea agreement is clear here."

An examination of the plea agreement, however, demonstrates that Mr. Crouch's argument is misguided. As the government points out, the provision of the plea agreement discussing the use of information provided by the defendant states that the government "agrees not to use new information the defendant provides about the defendant's own criminal conduct . . . . Defendant understands and agrees, however, that . . . there shall be no such restrictions on the use of the information: (1) previously known to the United States . . . ." Thus, taking Mr. Crouch at his word, the government used conduct "of which they were already aware and conduct the defendant had brought to the government's attention."
The use of information "previously known to the United States", however, is explicitly authorized by the express terms of the plea agreement. Based on Mr. Crouch's own words, therefore, his first claim fails.

To the extent he claims that the government failed to adhere to the terms of the plea

6

agreement by not arguing in his favor on the points for acceptance of responsibility, moreover, his claim also does not comport with what actually transpired at the sentencing hearing. Although the government had in fact agreed to support Mr. Crouch in his endeavor to obtain a reduced sentence for accepting responsibility, the plea agreement specifically stated: "If the defendant . . . engages in additional criminal conduct, the United States reserves the right to withdraw this recommendation without breaching the agreement."

And that is exactly what happened in this case. It is uncontested that Mr. Crouch did in fact engage in additional criminal conduct between the time he signed the plea agreement on October 20, 2003, and the sentencing hearing on February 17, 2004. The presentence investigation report notes, in fact, that Mr. Crouch was charged on January 12, 2004, with 10 counts of state law crimes relating to Medicaid fraud. Further, the court explored this additional criminal conduct extensively during the sentencing hearing, and it became clear that Mr. Crouch had admitted to state authorities that he committed most, if not all, of these counts, and he committed several of the counts while on bond. Based solely on his commission of these state law Medicaid fraud counts while he was on bond, then, this court denied Mr. Crouch any points for acceptance of responsibility. Contrary to his assertion otherwise, the government's introduction of any other information relating to Mr. Crouch played no part whatsoever in the court's decision.

In sum, Mr. Crouch's first ground for habeas relief is entirely unsupported by either the record or the plea agreement.

**2.   Second Claim: Release from Custody for Medical Reasons**

In Mr. Crouch's second claim, he urges this court to release him from custody so that he may obtain medical treatment for his health problems. The Tenth Circuit, however, has "explained that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'" *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) (citation omitted). As a result, Mr. Crouch must identify some jurisdictional basis for this court to modify his sentence.

Nevertheless, his only asserted basis of jurisdiction is the court's new-found sentencing discretion under *Booker*. That basis, however, is illusory. The Tenth Circuit flatly has held that "*Booker* does not apply retroactively to initial habeas petitions. . . ." *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005). Thus, because Mr. Crouch's conviction became final on February 28, 2004, he does not benefit from any application of the announcement of the Supreme Court's decision in *Booker* on January 12, 2005.

In the absence of any jurisdiction, the federal courts are not receptive to an inmate's request to be released from custody so that the inmate may seek medical care. *See, e.g.*, *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) ("If an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option."). At bottom, this court has no jurisdiction to vacate Mr. Crouch's sentence.

## Conclusion

For all of the above reasons, the court finds that Mr. Crouch is not entitled to habeas relief. His petition is therefore denied, and his sentence is affirmed.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Crouch's § 2255 petition to vacate his sentence (doc. 28) is denied.

**IT IS SO ORDERED** this 22nd day of May, 2006.

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge